MHN

RECEIVED
4-10-2009
APR 10 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.

Miguel Skerrett, (A61175)
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

Donald Gaetz, Warden, Menard C.C.
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

Illinois
(State where judgment entered)

09CV2222
JUDGE HIBBLER
MAGISTRATE JUDGE BROWN

Case Number of State Court Conviction:

01-CR-22361

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Circuit Court of Cook County, Illinois. 2650 S. California Ave., Chicago Il., 60608

2. Date of judgment of conviction: May 3, 2005

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   First Degree Murder

4. Sentence(s) imposed: Forty (40) years

5. What was your plea? (Check one)
   (A) Not guilty    (X)
   (B) Guilty        ( )
   (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
   N/A

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):   Jury (X)   Judge only ( )
2. Did you testify at trial?   YES (X)   NO ( )
3. Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

   (A) If you appealed, give the
   
   (1) Name of court: First District Appellate Court of Illinois.
   
   (2) Result: Conviction Affirmed.
   
   (3) Date of ruling: August 2, 2007
   
   (4) Issues raised: That the trial court erred when allowing the State to introduce a witnesses' Grand Jury testimony at trial which improperly bolstered the witnesses credibility.
   
   (B) If you did not appeal, explain briefly why not:
   
   N/A

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (X)   NO ( )

   (A) If yes, give the
   
   (1) Result: Petition For Leave To Appeal denied
   
   (2) Date of ruling: August 29, 2007.
   
   (3) Issues raised: Same as number 3(A)(4) above.
   
   (B) If no, why not: N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ) No (X)

   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

2

Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)  NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: <u>Circuit Court of Cook County, Illinois.</u>

   B. Date of filing: <u>May 16, 2008</u>

   C. Issues raised: <u>That the petitioner was denied his Constitutional right to the effective assistance of appellate counsel when his appellate attorney failed to raise meritorious issues on direct review.</u>

   D. Did you receive an evidentiary hearing on your petition?    YES ( )  NO (X)

   E. What was the court's ruling? <u>Frivolous and Patently without merit</u>

   F. Date of court's ruling: <u>6-26-08</u>

   G. Did you appeal from the ruling on your petition?    YES (X)  NO ( )

   H. (a) If yes, (1) what was the result? <u>Request to file Notice of Appeal Denied</u>

      (2) date of decision: <u>September 30 of 2008</u>

      (b) If no, explain briefly why not: <u>N/A</u>

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

      YES (X)  NO ( )

      (a) If yes, (1) what was the result? <u>Petition for Leave To Appeal denied</u>

          (2) date of decision: <u>January 28, 2009</u>

      (b) If no, explain briefly why not: <u>N/A</u>

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES ( )     NO (X)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding          _____
   2. Date petition filed           _____
   3. Ruling on the petition        _____
   4. Date of ruling                _____
   5. If you appealed, what was the ruling on appeal?  _____
   6. Date of ruling on appeal      _____
   7. If there was a further appeal, what was the ruling?  _____
   8. Date of ruling on appeal      _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (X)

   A. If yes, give name of court, case title and case number: _____

   _____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____

      (2) Date:   _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (X)

   If yes, explain: _____

   _____

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

   (A) Ground one _____
       Supporting facts (tell your story briefly without citing cases or law):

     See attached page 5a..

   (B) Ground two _____
       Supporting facts:

     See attached Page 5a

Revised: 7/20/05

## CONSTITUTIONAL CLAIMS

### I
### THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL JURY TRIAL, AS WELL AS HIS RIGHT TO THE DUE PROCESS OF LAW, WHEN THE STATE COURT ALLOWED IMPROPER EVIDENCE TO BE INTRODUCED AT TRIAL WHICH ILLEGALLY BOLSTERED THE CREDIBILITY OF A STATE WITNESS.

The petitioner, Miguel Skerrett, respectfully submits that he was denied his Constitutional right to a fair and impartial jury trial as guaranteed him under the Fifth and Sixth Amendments tot he United States Constitution, as well as his right to the Due Process of Law as afforded him under the Fourteenth Amendment (U.S. Const., V, VI & XIV); when the State trial court allowed evidence to be introduced at trial which unduly and illegally bolstered the testimony of a state witness.

Specifically, the petitioner contends that the trial court erroneously admitted Jonathan Washington's grand jury testimony into evidence as a prior inconsistent statement, where the testimony was clearly consistent with Washington's previously admitted written statement.

Miguel Skerret contends that the trial court denied him his rights as afforded him under the United States Constitution, and that the State Appellate Court adjudicating this constitutional claim reached a decision that was both contrary to, and involved an unreasonable application of Federal Law as established by the United States Supreme Court. (See 28 U.S.C. §2254)

5a

The petitioner, Miguel Skerrett, also submits that the State Appellate Court's adjudication of this claimed constitutional violation resulted in a deciison based on an unreasonable determination of facts in light of the evidence presented in state court.

Accordingly, the petitioner respectfully submits that he is entitled to Habeas Corpus relief pursuant to §2254.

## II
### THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, AS AFFORDED HIM UNDER THE 6TH AND 14TH AMENDMENTS; WHEN HIS ATTORNEY ON DIRECT REVIEW REFUSED TO RAISE SEVERAL MERITORIOUS CLAIMS ON APPEAL WHICH WERE PRESERVED FOR REVIEW.

The petitioner, Miguel Skerrett, respectfully submits that he was denied his Constitutional right to the effective assistance of Appellate Counsel when his appellate attorney refused to argue several meritorious claims on direct review which were reserved by Skerrett in the trial court for appeal, in violation of the petitioner's 6th and 14th Amendment rights under the United States Constitution. (See U.S. Const. Amend., VI & XIV)

The petitioner also contends that Appellate Counsel's failure to advance these meritorious claims on direct review in state court constituted deficient performance on the part of counsel, and that said deficient performance served to deny the petitioner a reversal on direct appeal.

Miguel Skerrett respectfully submits that the State Court

5b

adjudication of this Constitutional claim was contrary to, and involved an unreasonable application of fedreal law as established by the United states Supreme Court, and further submits that the State Court decision addressing this claim involved an unreasonable determination of the facts in light of the evidence presented in State Court.

    Accordingly, the petitioner submits that he is entitled to Habeas Corpus relief in regards to the two (2) aforementioned Constitutional claims.

(C) Ground three _____
    Supporting facts:

_____
_____
_____
_____
_____
_____
_____
_____

(D) Ground four _____
    Supporting facts:

_____
_____
_____
_____
_____
_____
_____
_____

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

    YES (X)  NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:
_____
    N/A _____

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___Stuart Katz___

(B) At arraignment and plea ___Stuart katz___

(C) At trial ___Stuart katz___

(D) At sentencing ___Stuart Katz___

(E) On appeal ___Beth Horndobler___

(F) In any post-conviction proceeding ___Pro Se___

(G) Other (state): ___All Post Conviction Appeals; Pro Se___

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __3-31-09__
(Date)

__N/A__
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

__Miguel Sherrett__
(Signature of petitioner)

__A61175__
(I.D. Number)

__Po Box 711, Menard IL, 62259__
(Address)