FILED MHN
4-12-2010
APR 12 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

UNITED STATES OF AMERICA ex rel. )
  MIGUEL SKERRETT, )
                                    )
    Petitioner, )
                                    )
                                    ) No: 09-C-2222
VS. )
                                    )
DONALD GAETZ, Acting Warden, ) The Honorable
                                    ) William J. Hibbler,
    Respondent. ) Judge Presiding.

---

**NOTICE OF FILING**
**AND**
**PROOF OF SERVICE**

To: Mr. Russell K. Benton,
    Assistant Attorney General of Illinois.
    100 W. Randolph St., 12th Floor.
    Chicago Il., 60601-3218

**PLEASE TAKE NOTICE** that on _Monday, April 5_, 2010, I shall file with the Clerk of the United States District Court, the original and three (3) copies of the enclosed "Reply To Respondent's Answer"; a copy of which is hereby served upon you.

Date: _April 5, 2010_                      Respectfully Submitted:

                                                                        _Miguel Skerrett_
                                                                      Miguel Skerrett, Pro Se,
                                                                      Reg. No. A-61175
                                                                      Menard Corr. Ctr.
                                                                      P.O. Box 711
                                                                      Menard Il., 62259-0711

STATE OF ILLINOIS,      )
                        ) SS
COUNTY OF RANDOLPH.     )

## CERTIFICATE OF SERVICE

I, Miguel Skerrett, being first duly sworn upon my oath, do hereby depose and state under the penalty(s) of perjury, that I have served a copy of the attached Reply and Motion on Mr. Russell K. Benton, Illinois Assistant Attorney general; by enclosing the same in an envelope, properly addressed and postage pre-paid, and by depositing that envelope in the U.S. Mail at the Menard Corr. Ctr. on this __5th__ day of __April__, 2010.

Pursuant to 735 ILCS 5/1-109 (West 2005); I swear that the above statement is true.

/S/ _Miguel Skerrett_
Miguel Skerrett.

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
4-12-2010
APR 12 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATE OF AMERICA ex rel. MIGUEL SKERRETT, <br><br>Petitioner, <br><br>VS. <br><br>DONALD GAETZ, Acting warden, <br><br>Respondent. | No: 09-C-2222 <br><br>The Honorable William J. Hibbler, Judge Presiding. |

### PETITIONER'S REPLY TO RESPONDENT'S ANSWER

**NOW COMES** the Petitioner, Miguel Skerrett, <u>Pro Se</u>, and respectfully submits this Reply to the Respondent's Answer to Skerrett's <u>Pro Se</u> Petition For A Writ Of Habeas Corpus previously filed in this Honorable court pursuant to 28 U.S.C. §2254 [West 2007].

In support thereof, Miguel Skerrett states:

1) Following a jury trial conducted in the Circuit Court of Cook County, Illinois, the Petitioner was convicted of first degree murder and sentenced to a forty (40) year term of imprisonment.

2) Following state court appellate and Post-Conviction proceedings, Mr. Skerrett filed a Pro Se Petition For A Writ Of Habeas Corpus in this Honorable Court on April 15, 2009, pursuant to 28 U.S.C. §2254 et. seq., (West 2007).

3) In his Pro Se petition, Mr. Skerrett alleged:

    1) That the state trial court denied him his right to a fair trial as well as his right to the due process of the law when it allowed the prosecution to introduce improper and illegal evidence to the jury; and

    2) That Miguel Skerrett was denied his Constitutional right to the effective assistance of appellate counsel when his appellate attorney refused to raise several meritorious claims on direct review. (See Original Petition filed 4/15/09).

4) On July 16, 2009, the Respondent filed an Answer to Skerrett's Pro Se petition arguing that the petitioner's first claim (Aforementioned) was noncognizable for federal review, and that Skerrett's second Constitutional claim was procedurally defaulted in state court. (See Respondent's Answer at Pg's 7 through 15).

5) On March 23, 2010 this Honorable Court granted Miguel Skerrett leave to file the instant Reply to that Answer on or before April 7, 2010.

6) The Petitioner, Miguel Skerrett, Pro Se, comes now, and respectfully moves this Honorable Court to deny the Respondent's Answer previously filed in this cause and requests that this Court order further proceedings in the instant Federal Habeas Corpus Proceedings for each of the following reasons:

# ARGUMENT

A. THE PETITIONER'S CLAIM THAT THE STATE COURT DENIED HIM HIS RIGHT TO A FAIR TRIAL BY ALLOWING IMPROPER EVIDENCE INTRODUCED AT TRIAL IS, IN FACT, COGNIZABLE ON FEDERAL HABEAS CORPUS REVIEW.

In his Pro Se petition, Mr. Skerrett alleged that the state trial court denied him his Constitutional right to a fair and impartial jury trial, as well as his right to the due process of law when the Circuit Court allowed the prosecution to introduce evidence of the State's key prosecutorial witnesses prior consistent grand jury testimony as a "prior inconsistent statement"; thereby unconstitutionally bolstering the witnesses testimony at trial. (See Petition at Pg. 5)

The Respondent contends that this Constitutional challenge is not cognizable in the instant proceedings because it is a "State law issue" (See Response at pg. 8).

The petitioner respectfully submits that the Respondent's summation of this claimed constitutional claim is misplaced, and that he is, in fact, entitled to §2254 relief where the introduction of the evidence denied him his right to a fair trial.

The Respondent relies on the proposition that Skerret is simply asserting that the state introduced evidence at trial in violation of state law. The petition, however, clearly asserts that the introduction of the prior consistent statement served to unconstitutionally bolster the witnesses credibility in

-3-

violation of his Constitutional right to a fair and impartial jury trial. The fact that the evidence was introduced in violation of an Illinois State statute simply lends support to Skerret's Assertion that the evidence was improper.

Furthermore, the petitioner submits that the state court's factual finding that the evidence was properly admitted at trial in compliance with 725 ILCS 5/115-10.1 was unreasonable in light of the evidence presented in state court.

Additionally, the petitioner submits that pursuant to Dressler v. McCaughtry, 238 F.3d 908 (7th Cir. 2001), this Honorable Court should adjudicate this Constitutional claim based on the fact that the aforementioned "incorrect evidentiary ruling was so prejudicial that it violated his due process right to a fundamentally fair trial, creating the likelihood that an innocent person has been convicted". Id at 914.

Thus, based on the fact that the state court adjudication of this claimed constitutional violation resulted in a decision that was contrary to, and involved an unreasonable application of federal law as established by the United States Supreme Court and based on the fact that the state court decision resulted in a deciaion based on an unreasonable determination of fact in light of evidence presented in state cort; the petitioner posits that this Honorable court should, in fact, adjudicate this claimed constitutional violation in the instant Habeas Corpus Proceedings pursuant to 28 U.S.C. §2254 (West 2007).

See 28 U.S.C. §2254 (West 2007); Dressler, 238 F.3d 908 (7th Cir. 2001); Johnson v. Washington, 119 F.3d 513 (7th Cir. 1997).

>
> B. MIGUEL SKERRET'S CLAIM THAT HE WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL SHOULD BE ADJUDICATED ON FEDERAL HABEAS REVIEW DESPITE PROCEDURAL DEFAULT.

In his Pro Se state Post Conviction Petition filed in the Circuit Court pursuant to 725 ILCS 5/122-1 et. seq., (West 2007) Miguel Skerrett allegd that he was denied his Constitutional right to the effective assistance of counsel on direct review in violation of his 6th and 14th Amendments right when his attorney on appeal refused to advance several meritorious claims which were preserved for review on appeal.

Specifically, Skerrett claimed that appellate counsel failed to allege:

1) That the petitioner was denied his right to the effective asssistance of trial counsel when attorney Stuart Katz refused to procure witness Charles Zuganelis as a witness at the pre-trial Motion To Supress hearing; (See state P-C petition at pg. 8)

2) That trial counsel was ineffective for failing to call Ms. Diaz as an occurrence witness at trial; (See State p-C Petition at Pg. 10);

3) That the trial court abused its discretion in denying Skerret's pre-trial Motion To Quash arrest and suppress statements (see State P-C Petition at pg. 11); and

4) Each of the 21 claims on direct review which were preserved in Skerrett's Post Trial motions for a new trial (See State P-C at Pg. 4-13)

After the Circuit Court denied Skerrett's Petition for Post Conviction relief on May 5, 2008, the petitioner moved the circuit court for leave to file a Late Notice of appeal, which was summarily denied.

Skerrett's subsequent Petition For leave To Appeal was denied by the Illinois Supreme Court.

The petitioner respectfully submits that he can clearly show cause for failing to file the Notice of Appeal from the denial of his State Post Conviction Petition in this case, as well as why the PLA filed on post Conviction review did not advance his constitutional claims, pursuant to Gray v. Netherland, 518 U.S. 152 (1996) and Murray v. Carrier, 477 U.S. 478 (1986).

The petitioner was unable to file his Notice Of Appeal from the denial of his Post Conviction petition within thirty (30) days of the order issued by the Circuit Court due to the fact that the Menard Correctional Center where Skerret is confined did not deliver the order to him until July 21, 2008, some 76 days after the order was issued.

Furthermore, the Menard Correctional Center did not allow Miguel Skerrett any law Library access in order to prepare and file the Notice of appeal until August 12, 2008 due to "Lock-Downs" at the facility.

Clearly, these facts constitute an "objective factor external to the defense which impeded his efforts to comply with the state's procedural rules". Murray, 477 U.S. at 488 (1986)

Furthermore, the petitioner submits that his PLA filed on the denial of his Post Conviction appeal to the Illinois Supreme Court did not allege each of the claims of ineffective assistance of appellate counsel due to the fcat that under Illinois rules and law, Skerret was appealing the order of the appellate court; namely, the denial of his Motion To File a Late Notice Of Appeal.

Obviously, the petitioner would have been improperly presenting the claimed constitutional violations mentioned in this Pro Se Post Conviction petition in the PLA when the decision being appealed in that PLA was the appellate court's denial of his Motion to File a Late Notice of Appeal.

Thus, Skerret's obligation to comply with state appellate and Illinois Supreme Court procedures on PLA review to the Illinois Supreme Court also constitutes a factor external to the defense which impeded Skerrett's ability to comply with the state rules. See Murray, Ibid.

The petitioner can also clearly meet the prejudice prong of the cause and prejudice test where clearly the claimed constitutional violations "worked to [Skerrett's] actual and substantial disadvantage, affecting his entire trial with error of constitutinal dimensions" United States v. Frady, 456 U.S. 152 (1982)

The claims advanced in Skerrett's Pro Se Post Conviction petition filed in the Circuit Court clearly show that he was prejudiced by trial counsel's ineffectiveness as well as Appellate Counsel's refusal to advnace the meritorious claims

-7-

preserved for appeal in Skerrett's Post Trial Motion on direct appeal.

Thus, because Skerret is able to meet the "cause and prejudice" test which provides for relaxation of the procedural default rule of <u>Murray v. Carrier</u>, 477 U.S. 478 (1986), the petitioner respectfully submits that this Honorable Court should, in fact, hear the constitutional claim in the instant Habeas Corpus petition that Skerrett was denied his constitutional right to the effective assistance of appellate counsel.

## CONCLUSION

For each of the aforementioned reasons, the petitioner, Miguel Skerrett, <u>Pro Se</u>, respectfully contends that this Honorable Court should deny the Respondent's Answer in this case, and should allow the petitioner to proceed with the instant Habeas Corpus litigation pursuant to §2254.

The petitioner also respectfully renews his previously filed Motion For the Appointment of counsel filed originally with his <u>Pro se</u> Habeas Corpus Petition, and moves this Honorable Court to appoint counsel to reprsent him in the instant cause.

Respectfully Submitted;

*Miguel Skerrett*
Miguel Skerrett, Pro Se
Reg. No. A-61175
Menard Corr. Ctr.
P.O. Box 711
Menard Il., 62259-0711

STATE OF ILLINOIS,    )
                      ) SS
COUNTY OF RANDOLPH.   )

## AFFIDAVIT

I, Miguel Skerrett, being first duly sworn upon my oath, do hereby depose and state under the penalty(s) of perjury, that all of the facts and information contained in the attached Reply are true and correct in substance and in fact to the best of my knowledge.

Date: *April 5, 2010*

I swear under the penalty that the above statement is true.

/S/ *Miguel Skerrett*
Miguel Skerrett