

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. | ) |
| Miguel Skerrett, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 09 C 2222 |
| v. | ) |
| | ) The Honorable William J. Hibbler |
| Donald Gaetz, Acting Warden, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Miguel Skerrett seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He bases his petition on two grounds: (1) an error the state trial court made in admitting evidence during his criminal trial; and (2) ineffective assistance of counsel on the direct appeal of his conviction. For the following reasons, the Court DENIES Skerrett's petition.

### I.    Background

On May 3, 2005, following a trial in the Circuit Court of Cook County, Illinois, a jury found Petitioner Skerrett guilty of first degree murder and the court sentenced him to a term of forty years in prison.

At trial, the State presented evidence that Alla Awadalla was shot and killed on the morning of July 19, 2001, while working as a cashier at a grocery store. Police discovered shell casings from a nine millimeter semi-automatic handgun and fingerprints that belonged to Skerrett's codefendant, Julio Hernandez, on the scene of the crime. After the police interviewed Hernandez, they identified Skerrett and Jonathon Washington as persons of interest. They took Skerrett into custody and while he initially denied any involvement in the shooting, he gave a videotaped statement indicating his involvement after seeing Washington and Hernandez. In that

1

statement, which the State presented at trial, Skerrett admitted to robbing the store with Hernandez, on July 19, 2001. He stated that he went to Washington's apartment on the morning of July 19, 2001, where he saw Hernandez in the courtyard. He admitted that he saw Hernandez go inside and retrieve what looked to be an automatic handgun. He stated that he then drove with Hernandez to a grocery store where he and Hernandez attempted to rob the cashier. He stated that Hernandez shot the cashier, they ran out of the store, and he drove Hernandez back to Washington's apartment to return the gun and wash the blood from his hands. Skerrett testified at trial denying any involvement in the crime and claiming that he had given the videotaped statement in order to stop the police from beating him. He testified that he was at home during the shooting and his wife and children corroborated his testimony.

Washington testified that he saw Skerrett and Hernandez outside his apartment the day before the shooting and that he did keep a nine millimeter semi-automatic handgun in the bushes outside, but that he did not know if Hernandez had the gun at the time. Washington was confronted with a prior written statement and his testimony to a grand jury in which he stated that Hernandez and Skerrett got the gun from him early in the morning on July 19, 2001 and returned it to him later that day, at which time Hernandez ran to his bathroom to wash blood from his hands while Skerrett stood in the doorway holding the gun. Washington explained the discrepancies in his statements by stating that his memory was unclear because he was under the influence of cocaine and heroin when he gave the written statement. He admitted that during his grand jury testimony, however, he had stated that he was not under the influence of drugs when he made the written statement. On cross-examination, Washington testified that he was not treated well by the Assistant State's Attorney or the police while he was in custody. On re-direct

2

examination, however, he admitted that he testified before the grand jury that he was treated "in a presentable way."

On direct appeal of his conviction, Skerrett argued that the trial court erred during the State's examination of Washington by admitting both his written statement and his grand jury testimony as prior inconsistent statements. He argued that the Washington's grand jury testimony was substantially similar to his written statement and was therefore an inadmissible prior consistent statement that improperly bolstered the State's theory of the case. The appellate court affirmed his conviction. *People v. Skerrett*, No. 1-05-1474, slip. op. at 1 (Ill. App. Ct. Aug. 2, 2007). On November 29, 2007, the Illinois Supreme Court denied his petition for leave to appeal the decision. *People v. Skerrett*, 227 Ill. 2d 604, 879 N.E.2d 937 (2007).

On May 16, 2008, Skerrett filed a pro se post-conviction petition in the state trial court, claiming that his appellate counsel had given him ineffective assistance by failing to raise certain issues on the direct appeal of his conviction. On June 26, 2008, the court dismissed his petition, finding his claims to be "frivolous and patently without merit." *People v. Skerrett*, No. 01 CR 22361, slip. op. at 9 (Ill. Cir. Ct. June 26, 2008). Skerrett missed the thirty-day deadline for appealing the decision, *see* Ill. S. Ct. R. 651(b), (d); Ill. S. Ct. R. 606(b), but filed a motion on September 15, 2008, for leave to file a late appeal pursuant to Illinois Supreme Court Rule 606(c). In his motion, he claimed that he was unable to file a timely appeal because (1) he did not receive notice of the trial court's decision until July 21, 2008; and (2) he did not have adequate access to legal resources in prison because the prison had been on "deadlock." The court denied his motion on September 20, 2008. *People v. Skerrett*, No. 08-2520 (Ill. App. Ct. Sep. 20, 2008). The Illinois Supreme Court denied his petition for leave to appeal the appellate

3

court's decision on January 28, 2009. *People v. Skerrett*, 231 Ill. 2d 650, 902 N.E.2d 1089 (2009).

## II. Analysis

Skerrett now bases his § 2254 petition on the issues he raised in his direct appeal and in the collateral state proceedings.

### A. Admission of Washington's grand jury testimony

The Court first addresses Skerrett's claim that the trial court improperly admitted Washington's prior consistent statements at his trial. Respondent Gaetz contends that Skerrett's claim is not cognizable on federal habeas review because it is based solely on arguments about whether evidence offered at his trial was admissible under state law. In order for a claim to be cognizable, it must present a federal issue. *Perruquet v. Bailey*, 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, respondent is correct that "errors of state law in and of themselves are not cognizable on habeas review." *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). However, as respondent concedes, if a state court's error in applying state law deprives a petitioner of a right under federal law, such as the petitioner's Fourteenth Amendment due process right to a fundamentally fair trial, the petitioner may have a cognizable claim. *Id.* at 511-12.

Thus, Skerrett must draw "enough of a connection between his right to due process and the trial court's (alleged) evidentiary...errors to render his claim cognizable on habeas review." *Id.* at 512. In *Perruquet*, the Seventh Circuit found a sufficient connection where the petitioner cited to his Fourteenth Amendment right, articulated the theory of self-defense that he wished to pursue, described the evidence that supported his theory, and argued that his inability to pursue

4

the theory likely resulted in the conviction of an innocent person. *Id.* The court also construed the petition liberally because the petitioner was without counsel. *Id.* Here, the Court gives Skerrett the same benefit as he is also *pro se.* Skerrett articulates why he thought it was inappropriate for the trial court to admit the Washington's grand jury testimony. He cites to his constitutional rights to due process and a fair and impartial jury trial. Finally, he argues that the prejudicial effect of the evidence admitted likely resulted in the conviction of an innocent person (at least in his reply memorandum). Thus, Skerrett has presented a cognizable claim.

Nonetheless, as the *Perruquet* court notes, "one must draw a distinction between *claims* that are cognizable in habeas proceedings and *errors* that are cognizable." *Id.* (emphasis in original). Thus, if the trial court's alleged error was not so grave as to rise to the level of constitutional magnitude, but was instead merely an error of state law, this court has no power to address it on habeas review. *Id.* Skerrett's petition falls far short of describing an error of such gravity.

First, the court's decision to admit Washington's grand jury testimony was not an error under the Illinois rules of evidence. Even assuming that it is error to admit two prior inconsistent statements that are consistent with one another, and thus duplicative, some of the inconsistent statements Washington made in his grand jury testimony did not appear in his written statement. For instance, in his grand jury testimony he testified about whether he was under the influence of drugs or alcohol when he signed his written statement. But, more importantly, § 115.10.1(a) of the Illinois Criminal Code simply requires that a witness's prior statement be inconsistent with the witness's "testimony at…trial" in order to be admissible, not that it be inconsistent with other prior statements admitted. 725 ILCS 5/115-10.1(a); *see also Skerrett,* No. 1-05-1474, slip. op. at 8 (Ill. App. Ct. Aug. 2. 2007). Besides his faulty argument that the statements were actually

5

consistent, Skerrett does not argue that the grand jury testimony failed to meet the requirements for admitting a prior inconsistent statement under § 115-10.1(a). That is significant because in *Johnson v. Washington*, 119 F.3d 513, 519-22 (7th Cir. 1997), the Seventh Circuit upheld the constitutionality of an Illinois court's admission of prior inconsistent statements under the statute even when those statements came from both a written statement and grand jury testimony, and were consistent with one another. While *Johnson* does not address the precise question raised here of whether multiple inconsistent statements that are consistent with each other may be admitted, the court did cite approvingly to an Illinois case that states that § 115-10.1(a) "adequately protects constitutional rights independently" of any specific constitutional analysis. *Id.* at 522 (citing *People v. Morales*, 281 Ill.App.3d 695, 666 N.E.2d 839 (1st Dist.1996)).

Second, even assuming that in the wake of *Johnson* Skerrett could still argue that the rule as applied was unconstitutional, he has not. And even if he did, he would have to show that the admission of Washington's grand jury testimony was so harmful that it is likely an innocent person was convicted as a result. *Perruquet*, 390 F.3d at 510. The only argument he makes regarding the prejudicial effect of introducing the statements is that by allowing the prosecutor to repeat Washington's inconsistent statements the court needlessly emphasized the importance of those inconsistencies to the jury. In determining whether a prior inconsistent statement is constitutionally admissible as substantive evidence, courts are to consider whether: "1) the declarant was available for cross-examination; 2) the statement was made shortly after the events related and was transcribed promptly; 3) the declarant knowingly and voluntarily waived the right to remain silent; 4) the declarant admitted making the statement; and 5) there was some corroboration of the statement's reliability." *Ticey v. Peters*, 8 F.3d 498, 501 (7th Cir. 1993) (citing *Vogel v. Percy*, 691 F.2d 843, 847 (7th Cir. 1982)). Skerrett does not argue that any of

6

these factors should be answered in the negative. In fact, it seems that the admission of multiple statements by Washington given under different circumstances may have bolstered the reliability of both statements, thereby enhancing the constitutionality of the court's ruling. Thus, Skerrett is unable to make a claim that an innocent person was likely convicted as a result of the statement's admission, especially in light of the weight of evidence against him at trial (including his own videotaped admission).

## III. Ineffective assistance of counsel

Respondent challenges Skerrett's claim of ineffective assistance of counsel on the grounds that it is procedurally barred. Before seeking federal habeas relief, a petitioner must give the State an "opportunity to pass upon and correct" violations of a petitioner's federal rights by "fairly presenting" claims of these violations in each appropriate state court, including the state supreme court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (internal citations omitted); *see also Duncan v. Henry*, 513 U.S. 364, 366, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (applying fair presentment doctrine to a claim that evidentiary ruling in state court trial violated petitioner's Fourteenth Amendment due process right). Any claims a petitioner fails to bring through one full round of state review are procedurally defaulted. *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). Procedural default bars review absent a showing of cause for the default and actual prejudice resulting therefrom. *Gray v. Netherland*, 518 U.S. 152, 162, 116 S. Ct. 2074, 2080, 135 L. Ed. 2d 457 (1996).

Skerrett did raise his claim before the state trial court when he filed his post-conviction petition. And he apparently hoped to raise it with the appellate court in his appeal. But, his appeal was untimely and the appellate court denied his motion for leave to file it late. While Skerrett complains that he did not receive notice of the trial court's decision until after the

7

deadline for filing his appeal, this is not true. Even accepting his claim that he received notice on July 21, 2008, he had until July 26, 2008 – 30 days after issuance of the trial court's order – to either file his appeal or a motion for leave to file a late appeal. Instead, he waited to file that motion until September 15. Moreover, Skerrett made this same argument, and his argument about the fact that his prison was on "deadlock," to the state appellate court, and it rejected his claim nonetheless. Thus, the State court dismissed Skerrett's claim on an adequate and independent state ground, causing procedural default. *Coleman v. Thompson*, 501 U.S. 722, 740-41, 111 S. Ct. 2546, 2559-60, 115 L.Ed.2d 640 (1991) (finding Virginia's application of its 30-day appeal deadline to cause procedural default). For the same reasons, Skerrett is unable to show cause for his default, which must involve "some objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986).

## CONCLUSION

For the above reasons, the Court DENIES Skerrett's petition for a writ of habeas corpus.

IT IS SO ORDERED.

11/18/10
Dated

Hon. William J. Hibbler
United States District Court